IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY DUTTON, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF, | : | |
| PENNSYLVANIA, et al., | : | No. 11-7285 |
| Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                       July 23, 2012

     *Pro se* Plaintiff Kelly Dutton brings this action pursuant to 42 U.S.C. § 1983 against the Pennsylvania State Police ("PSP"), the Commonwealth of Pennsylvania, and the Pennsylvania Office of Attorney General, alleging that he was unlawfully prohibited from purchasing a firearm in February 2011. Currently before the Court is Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons set forth below, the motion will be granted.

### I.    BACKGROUND

     Dutton's claim arises from the denial of a handgun purchase in December 2010. (Compl. ¶ III-C.) Under Pennsylvania law, individuals must be screened by the Pennsylvania Instant Check System ("PICS"), an electronic background check system, before purchasing a firearm in the Commonwealth. (*Id*.) Dutton's background check revealed two convictions from 1995, one for carrying a firearm on a public street and one for carrying a firearm without a license. (*Id*.; Defs.'

---

[1] Defendants also seek to dismiss the action under Federal Rule of Civil Procedure 12(b)(1) based on Eleventh Amendment immunity. Because this Court will grant Defendants' motion to dismiss for failure to state a claim, it need not analyze whether the Eleventh Amendment bars federal jurisdiction.

Mot. to Dismiss Ex. A [MC-51-CR-1211101-1994 Docket].)[2] Both convictions are first-degree misdemeanors punishable by "a term of imprisonment, the maximum of which is not more than five years." 18 Pa. Cons. Stat. § 106(b)(6). In light of these convictions, Dutton was not permitted to purchase a firearm. (*Id.*)

Dutton challenged the PICS denial to the PSP's Firearms Division. (*Id.*) By letter dated February 11, 2011, the PSP stated that the denial was based upon Dutton's disqualifying convictions from 1995, pursuant to 18 U.S.C. § 922(g)(1), which prohibits a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." (*Id.*; Compl. Ex. A [Denial Letter].)

Dutton initiated this action on November 20, 2011, contending that 18 U.S.C. § 922(g) applies only to felonies and misdemeanors of domestic violence. Defendants subsequently filed a motion to dismiss presently before the Court.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270, 272 (3d Cir. 2001). A court need not, however, credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902,

---

[2] The Court takes judicial notice of the criminal docket of the Philadelphia County Court of Common Pleas, which reveals that Dutton was convicted on April 6, 1995, of carrying firearms on a public street or place and carrying firearms without a license. The docket is available at http://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber= MC-51-CR-1211101-1994.

906 (3d Cir. 1997); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Simply reciting the elements will not suffice. *Id.* (concluding that pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss); *see also Phillips*, 515 F.3d at 231.

The Third Circuit Court of Appeals has directed district courts to conduct a two-part analysis when faced with a 12(b)(6) motion. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a commonsense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id.* at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged—but has failed to show—that the pleader is entitled to relief. *Id.*

**III.    DISCUSSION**

Dutton asks the Court to determine whether 18 U.S.C. § 922 applies to all state misdemeanors or just misdemeanors of domestic violence. (Compl. ¶ III-C.) Consequently, the Court will construe Dutton as alleging a violation of his statutory rights under 18 U.S.C. § 922(g).[3]

Defendants assert that this action must be dismissed because Plaintiff has misconstrued the basis for the denial of his firearms license. (Defs.' Mem. of Law in Supp. of Commw. Defs.' Mot. to Dismiss Compl. at 8.) Dutton contends that the PSP wrongfully based the denial of his firearms license on 18 U.S.C. § 922(g)(9), which prohibits a person "convicted of a misdemeanor crime of domestic violence" from possessing a firearm. Therefore, Dutton claims, his two convictions from 1995, both first-degree misdemeanors under Pennsylvania law but not crimes of domestic violence, should not preclude him from obtaining a firearms permit. (Compl. ¶ III-V.)

None of the allegations in the Complaint supports Dutton's contention that his denial was based on 18 U.S.C. § 922(g)(9). Moreover, the PSP informed Dutton that his firearms permit denial was based on 18 U.S.C. § 922(g)(1) in a letter dated February 11, 2011, which was attached to the Complaint. (Compl. Ex. A [Denial Letter].) Therefore, the Court must determine whether Dutton's

---

[3] While the Court will construe a *pro se* plaintiff's complaint liberally, Dutton does not allege a challenge to 18 U.S.C. § 922 under the Second Amendment. Nevertheless, had Plaintiff asserted a constitutional challenge, the Court would have found the claim lacked merit. The Third Circuit has analyzed the provision at issue in this case—18 U.S.C. § 922(g)(1)—and held it to be facially constitutional. *United States v. Barton*, 633 F.3d 168, 175 (3d Cir. 2011) (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chi.*, __ U.S. __, 130 S. Ct. 3020 (2010)). Furthermore, the Third Circuit has also found that Section 922(g)(1) is constitutional as applied to individuals who have presented no facts distinguishing their "circumstances from those of other felons who are categorically unprotected by the Second Amendment." *Id.*; *see also United States v. Marzzarella*, 614 F.3d 85, 92 (3d Cir. 2010) (noting that "although the Second Amendment protects the individual right to possess firearms for defense of hearth and home, *Heller* suggests . . . a felony conviction disqualifies an individual from asserting that interest").

previous convictions preclude him from obtaining a firearms permit under 18 U.S.C. § 922(g)(1), which prohibits a person convicted of a crime punishable by imprisonment exceeding one year from possessing a firearm.

When interpreting a statute, "our inquiry . . . begins with its plain language." *Birdman v. Office of the Governor*, 677 F.3d 167, 178 (2012) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)). Plain language "means the ordinary usage of a term." *Lawrence v. City of Phila.*, 527 F.3d 299, 317 (3d Cir. 2008) (internal quotation marks omitted); *see also Okeke v. Gonzales*, 407 F.3d 585, 593 (3d Cir. 2005) ("Perhaps the most fundamental principle of statutory construction is that words in a statute must be given their ordinary meaning whenever possible."). "The plain meaning of the text should be conclusive, except in the rare instance when the court determines that the plain meaning is ambiguous." *Morgan v. Gay*, 466 F.3d 276, 278 (3d Cir. 2006). The relevant statute, 18 U.S.C. § 922, provides:

> It shall be unlawful for any person . . . (1) *who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year* . . . to ship or transport in interstate of foreign commerce, or possess in or affecting commerce, any firearm of ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1) (emphasis added). Pursuant to 18 U.S.C. § 921(a)(20), "[t]he term 'crime punishable by imprisonment for a term exceeding one year' does not include . . . any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years of less." In Pennsylvania, a crime classified as a first-degree misdemeanor carries a maximum penalty of five years of incarceration. 18 Pa. Cons. Stat. § 106(b)(6); *see also Commw. v. Baldwin*, 604 Pa. 34, 37 (2009) (affirming a sentence of three-and-a-half to seven years imprisonment for

carrying a firearm without a license, and two to four years incarceration and one year of probation for carrying a firearm on the public streets of Philadelphia). Accordingly, a Pennsylvania first-degree misdemeanor conviction does not satisfy the Section 921(a)(20) exception to Section 922(g)(1) and is grounds for denial of a firearms permit. Dutton's convictions for carrying a firearm on a public street and for carrying a firearm without a license are both considered first-degree misdemeanors under Pennsylvania law. Therefore, Dutton's convictions preclude him from qualifying for a firearms permit.

### IV.     CONCLUSION

For the reasons stated above, Dutton was lawfully denied a firearms license pursuant to 18 U.S.C. § 922(g)(1). Because Dutton has failed to state a claim against Defendants, the Court will grant the motion to dismiss. Having determined that any constitutional challenge of 18 U.S.C. 922(g)(1) would lack merit, the Court concludes that any amendment by Plaintiff would be futile and will dismiss the claim with prejudice. An Order consistent with this Memorandum will be docketed separately.